UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOBS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSAA INTER-INSURANCE,<br><br>Defendant.<br>_____ / | No. C 07-00362 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Joint Motion for Preliminary Injunction Regarding** *Jason Wu v. California State Automobile Association & CSAA Inter-Insurance Bureau* |

Plaintiff Alexander Jacobs ("Jacobs") filed a suit against his former employer, California State Automobile Association Inter-Insurance Bureau ("CSAA"), on behalf of himself and a class of similarly situated persons, alleging violations of California state law and the federal Fair Labor Standards Act. Thereafter, another former CSAA employee filed suit against CSAA alleging similar causes of action in the Superior Court of the County of Alameda. Now before the court is a joint motion for preliminary injunction against named and absent members of the federal class action from responding to or otherwise communicating with plaintiff's counsel in the state class action. Having considered the joint motion, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

Plaintiff Jacobs was employed as an insurance sales representative by CSAA from October 10, 2005, to late 2006. On January 18, 2007, Jacobs filed a complaint on behalf of himself and a class of similarly situated persons against defendant, and filed a first amended complaint on June 27, 2008. Plaintiff alleges that CSAA misclassified its employees as exempt until January 1, 2006, and

1  failed to pay overtime wages in violation of the California Labor Code, the California Business and
2  Professional Code, and the Fair Labor Standards Act.  Specifically, plaintiff asserts claims for
3  continuing wages, under California Labor Code section 203, unpaid overtime wages, under
4  California Labor Code section 1194 and 29 U.S.C. section 207, failure to provide information on pay
5  stubs, under California Labor Code section 226, request for restitution, disgorgement, and injunctive
6  relief for illegal business practices, under California Business and Professional Code, section 17200
7  et seq., and labor code Private Attorneys General Act ("PAGA"), under California Labor Code
8  section 2699 et seq.

9  Although CSAA began classifying its sales representatives as non-exempt employees after
10 January 1, 2006, Jacobs alleges that CSAA encouraged its non-exempt employees to work "off the
11 clock" and failed to pay all of the overtime hours.  Jacobs seeks damages for CSAA's failure to
12 place information required by state law on employee pay stubs for total hours worked and all
13 applicable hourly rates.

14 On July 22, 2007, this court granted preliminary approval of a class action settlement and
15 conditionally certified three subclasses of employees for settlement purposes.  See Docket No. 47.

16 On August 6, 2008, another former sales representative, James Wu, a former CSAA
17 employee, filed a state court action against CSAA on behalf of himself and other similarly situated
18 persons.  See Hurley Dec., Docket No. 53, Exh. C (copy of Complaint in Wu v. California State
19 Automobile Association & CSAA Inter-Insurance Bureau, Alameda County Superior Court Case
20 No. RG08402621).  Wu's complaint alleges similar causes of action as in the instant complaint, e.g.,
21 for misclassification of employees, unpaid overtime wages and inaccurate pay stubs, in addition to
22 claims for failure to pay for missed meal periods, missed rest periods, business expenses and vested
23 vacation wages.  Id.

24 Jacobs and CSAA allege that Wu's attorneys are actively seeking the names and contact
25 information of all members of Wu's purported class and have contacted at least one member of the
26 instant action regarding many of the claims covered in the preliminarily approved settlement.  See
27 Hurley Dec., Docket No. 53, ¶¶ 5-6.  Jacobs and CSAA now jointly stipulate and move the court to
28

2

order a preliminary injunction to enjoin named and absent class members in the instant action from communicating with or responding to plaintiff's counsel in the state court action against CSAA.

LEGAL STANDARD

Under the All Writs Act, a district court may issue writs necessary and appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. A district court may enjoin named and absent members who have been given the opportunity to opt out of a class from prosecuting separate class actions in state court. See, e.g., Carlough v. Amchen Products, Inc., 10 F.3d 189, 204 (3d Cir. 1993). A district court may enjoin state proceedings which affect the rights of class members, where the court is supervising a settlement of a class action that is so far advanced that it is equivalent to a res over which the court requires control and where it would be intolerable to have conflicting orders from different courts. See In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation), 770 F.2d 328, 337 (2d Cir. 1985).

While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer. Cal. Rule of Prof. Conduct 2-100 (1992); ABA Model Rule of Professional Conduct 4.2. After a court has certified a class, communication with class members regarding the subject of representation must be through counsel for the class. Tedesco v. Mishkin, 629 F. Supp. 1474, 1483 (S.D.N.Y. 1986); Resnick v. American Dental Ass'n, 95 F.R.D. 372, 377 (N.D.Ill. 1982).

DISCUSSION

Plaintiff and defendant present two reasons for requesting a preliminary injunction against named and absent "class members" (the court will hereafter refer to class members but notes their status is only conditionally approved). First, they argue that an injunction should be issued to preserve the court's jurisdiction. Second, they contend that an injunction is appropriate to prevent contacting the class plaintiffs without consent of counsel.

3

1  The district court has discretion to issue a preliminary injunction where it is necessary and 2 appropriate in aid of the court's jurisdiction and may enjoin named and absent members who have 3 been given the opportunity to opt out of a class from participating in separate class actions in state 4 court. See 28 U.S.C. § 1651. Here, named and absent class members have opted into the instant 5 action for settlement purposes, and at least one member has been contacted by attorneys in a state 6 class action regarding similar claims against defendant.

7  Enjoining class members from participating in a state action relating to claims that are 8 similarly asserted in the federal action is necessary and appropriate to preserve this court's 9 jurisdiction. A preliminary injunction is appropriate to preserve jurisdiction because there is a 10 sufficient overlap of claims between the federal and state class actions, such that the same legal and 11 evidentiary issues will be implicated in each case. Both actions claim damages for misclassification 12 of employees, unpaid overtime wages and failure to provide accurate pay stubs in violation of 13 California and federal labor laws.

14  An injunction against the instant class members from communicating with counsel from the 15 state action regarding claims asserted in this action is appropriate because the possibility of 16 conflicting results threatens this court's jurisdiction over the matter. See In re Baldwin-United 17 Corp., 770 F.2d at 337. Moreover, the parties' negotiations have progressed substantially toward a 18 final settlement, which has been submitted for final approval, and the progress of the settlement 19 requires the court's full control. Id. Communications between class members in this action and 20 attorneys in the state class action may impede the court's management of the settlement or interfere 21 with the final approval and administration of the settlement. The parties will also require follow-up 22 communication with 521 individuals who have submitted claims for overtime in response to the 23 instant class action notice. The similarity of the claims may create unnecessary confusion among 24 class members of this action when they communicate with attorneys in the state action.

25  Next, the parties contend that plaintiff's attorneys in the state action should be prohibited 26 from communicating with represented class members in the federal action about the subject of the 27 representation without the consent of counsel. See Cal. Rule of Prof. Conduct 2-100 (1992). The 28 parties argue that once a class is certified, outside counsel may not contact class members directly

4

and must communicate with members only through counsel. See Tedesco v. Mishkin, 629 F. Supp. 1474, 1483 (S.D.N.Y. 1986); Resnick v. American Dental Ass'n, 95 F.R.D. 372, 377 (N.D.Ill. 1982). Here, the instant class was conditionally certified for settlement purposes, and the instant class members are represented by plaintiff's counsel. The rules of ethical conduct require that communications with class members relating to asserted claims in the federal class action are transmitted through counsel for the class.

Accordingly, this court **GRANTS IN PART** and **DENIES IN PART** the joint motion for a preliminary injunction against named and absent members of this action from communicating with or responding to attorneys in the state class action, Wu v. California State Automobile Association. The motion is **GRANTED** insofar as class members in this action shall not cooperate or participate in state court proceedings, *to the extent that it relates to claims asserted in this action*. The motion is **DENIED** insofar as class members are free to respond to claims not asserted in this action, such as claims for unpaid meal breaks, unpaid rest periods, business expenses or vested vacation wages.

This injunction shall not extend to communications between the plaintiff in the state action and his counsel, or to other absent class members who may have already entered into attorney-client relationships with the counsel in that action, in accordance with applicable ethics rules.

CONCLUSION

The joint stipulated motion for a preliminary injunction against federal class members from communication with or participation in the state court proceedings is **GRANTED IN PART** and **DENIED IN PART** as described above.

**IT IS SO ORDERED**.

Dated: 4/30/2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. All facts cited herein are taken from the first amended complaint unless otherwise noted. <u>See</u> Docket No. 27.