HARRIS & RUBLE
Alan Harris (SBN 146079)
David Harris (SBN 215224)
David Zelenski (SBN 231768)
6424 Santa Monica Boulevard
Telephone:  323.962.3777
Facsimile:  323.962.3366
aharris@harrisandruble.com
dsh@northbaylawgroup.com
dzelenski@harrisandruble.com

Attorneys for Plaintiff Alexander Jacobs


DLA PIPER US LLP
Eduardo G. Roy (SBN 146316)
John R. Hurley (SBN 203641)
153 Townsend Street, Suite 800
San Francisco, California 94107
Telephone:  415.836.2500
Facsimile:  415.836.2501
eduardo.roy@dlapiper.com
jhurley@dlapiper.com

Attorneys for Defendant CSAA Inter-Insurance Bureau


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| ALEXANDER JACOBS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CSAA INTER-INSURANCE BUREAR, <br><br> Defendant. | Case No. 07-CV-00362 MHP <br><br> **[PROPOSED] ORDER AND JUDGMENT OF FINAL APPROVAL OF SETTLEMENT DISMISSING ACTION** <br><br> *Assigned to Hon. Marilyn Hall Patel* |

1    The Court having considered whether to order final approval of the settlement in

2    the above-captioned action pursuant to the Settlement Agreement and Mutual General

3    Release filed on or about July 21, 2008, and the amended Settlement Agreement and

4    Mutual General Release filed on or about July 27, 2009; having considered whether to

5    grant Plaintiff's Counsel's request for attorney's fees and reimbursement of costs; having

6    read and considered all of the papers of the parties and their counsel; having granted

7    preliminary approval of the Settlement and directed that notice be given to all Class

8    Members of preliminary approval of the Settlement and the Final Approval Hearing and

9    the right to be excluded from the Settlement on July 22, 2008; and good cause appearing,

10   **IT IS HEREBY ORDERED AS FOLLOWS:**

11       1.    The terms used in this Order have the meaning assigned to them in the

12   Settlement Agreement and General Release ("Settlement") filed on or about July 27,

13   2009.

14       2.    This Court has jurisdiction over the claims asserted in the Action by Plaintiff

15   Alexander Jacobs and over Settlement Class Members and Defendant CSAA Inter-

16   Insurance Bureau ("Defendant" or "CSAA").

17       3.    The Court hereby makes final the conditional certification contained in the

18   Order 1) Granting Preliminary Approval of Class Action Settlement, 2) Approving Class

19   Notice, and 3) Conditionally Certifying Settlement Class, thereby making final for

20   purposes of the Settlement the Settlement Class defined therein.

21       4.    The Court hereby finds that the Class Notice as mailed to all Class Members

22   on or about September 26, 2008, fairly and adequately described the proposed

23   Settlement, the manner in which Class Members could object to or participate in the

24   Settlement, and the manner in which Class Members could opt out of the Class; was the

25   best notice practicable under the circumstances; was valid, due, and sufficient notice to

26   all Class Members; and complied fully with the Federal Rules of Civil Procedure, due

27   process, and all other applicable laws.  The Court further finds that a full and fair

28   opportunity has been afforded to Class Members to participate in the proceedings

convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members of the California Sales Representative Class and California Employee Class who did not exclude themselves from the Settlement by filing a timely request for exclusion in accordance with the requirements set forth in the Class Notice, as well as all Class Members of the Non-California Sales Representative Class who affirmatively elected to opt into the Settlement, are bound by this Settlement Order and Judgment.

5.     The Court hereby finds that the Settlement is fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant; that it is the product of good faith, arms-length negotiations between the parties; and that the Settlement is consistent with public policy and fully complies with all applicable provisions of law.  Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendant to pay the Settlement Awards and associated tax obligations in accordance with the terms of the Settlement, including $50,000 to the State of California Labor and Workforce Development Agency to satisfy claims for civil penalties under the California Labor Code.  The Court approves the State of California Labor and Workforce Development Agency as the cy pres recipient in this case.

6.     Defendant agreed in the Settlement not to object to Plaintiff's request for an Incentive Award not to exceed $25,000 as payment to him for his services as Plaintiff. The Court has considered Plaintiff's request for an Incentive Award of $25,000 and, good cause appearing, hereby grants Plaintiff's request in the amount of $__7,500.00_____ and authorizes Defendant to pay this amount from the Settlement Fund in accordance with the terms of the Settlement.

7.     Defendant further agreed in the Settlement to pay reasonable attorney's fees to Plaintiff's Counsel up to a maximum of $375,000 (i.e., twenty-five percent of the Settlement Fund) as approved by the Court, as well as to reimburse Plaintiff's Counsel from the Settlement Fund for actual and reasonable costs and expenses incurred in bringing this action as approved by the Court.  Plaintiff's Counsel have requested

1  reimbursement of costs and expenses in the amount of $3,150.22.  The Court has

2  considered Plaintiff's Motion for Award of Attorney's Fees and Reimbursement of Costs

3  and, good cause appearing, hereby awards Plaintiff's Counsel attorney's fees in the

4  amount of $__255,000.00_____ and costs and expenses in the amount of $_3,150.22____.

5  Defendant is authorized to pay such amounts from the Settlement Fund.

6       8.    Defendant further agreed in the Settlement to pay from the Settlement Fund

7  the reasonable costs and expenses of the Settlement Administrator in connection with the

8  operation and implementation of the Settlement up to a maximum of $50,000.  Good

9  cause appearing, the Court hereby authorizes Defendant to pay the amount of up to

10  $50,000 to the Settlement Administrator in accordance with the terms of the Settlement.

11      9.    As set forth in Sections I.EE and VIII of the Settlement Agreement, the

12  consideration provided by CSAA under the terms of the settlement and this Judgment is

13  in return for the release and final settlement of claims arising from or related to the

14  following:

15           a.    For the CALIFORNIA SALES REPRESENTATIVE CLASS:  (A)

16                any facts, transactions, events, policies, occurrences, acts, disclosures,

17                statements, omissions or failures to act, which are or could be the basis of

18                any claim that CSAA failed to pay all wages when due to CLASS

19                MEMBERS (including, but not limited to, overtime wages, commissions,

20                and/or bonuses), failed to provide timely or accurate paychecks to CLASS

21                MEMBERS, failed to provide meal or rest periods to CLASS MEMBERS,

22                failed to keep proper records concerning time worked by CLASS

23                MEMBERS, and/or engaged in unfair business practices as a result of such

24                failures with regard to CLASS MEMBERS, at any time on or before the

25                EFFECTIVE DATE; (B) any facts, transactions, events, policies,

26                occurrences, acts, disclosures, statements, omissions or failures to act, which

27                are or could be the basis of any claim that CSAA failed to provide accurate

28                information on wage statements issued to CLASS MEMBERS, failed to

provide any required information on wage statements issued to CLASS MEMBERS (including, but not limited to, information concerning total hours worked, applicable hourly pay rates, and hours worked at each hourly pay rate), or failed to provide comprehensible information on wage statements issued to CLASS MEMBERS, including, but not limited to, any claims under California Labor Code sections 226 and/or 226.3 for penalties or other relief, and/or engaged in unfair business practices as a result of such failures with regard to CLASS MEMBERS, at any time on or before the EFFECTIVE DATE; and (C) CSAA failed to pay all wages due to CLASS MEMBERS (including, but not limited to, overtime wages, commissions, and/or bonuses) upon the termination of their employment with CSAA, or failed to pay all final wages owed to CLASS MEMBERS in a timely manner, including, but not limited to, any claims under California Labor Code section 203 for penalties or other relief, and/or engaged in unfair business practices as a result of such failures with regard to CLASS MEMBERS, at any time on or before the EFFECTIVE DATE.

b.      For the NON-CALIFORNIA SALES REPRESENTATIVE CLASS, any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of any claim that CSAA failed to pay all wages when due to CLASS MEMBERS (including, but not limited to, overtime wages, commissions, and/or bonuses), failed to provide timely or accurate paychecks to CLASS MEMBERS, failed to provide meal or rest periods to CLASS MEMBERS, failed to keep proper records concerning time worked by CLASS MEMBERS, and/or engaged in unfair business practices as a result of such failures with regard to CLASS MEMBERS, at any time on or before the EFFECTIVE DATE.

c.      For the CALIFORNIA EMPLOYEE CLASS, any facts, transactions,

1   events, policies, occurrences, acts, disclosures, statements, omissions or

2   failures to act, which are or could be the basis of any claim that CSAA failed

3   to provide accurate information on wage statements issued to CLASS

4   MEMBERS, failed to provide any required information on wage statements

5   issued to CLASS MEMBERS (including, but not limited to, CSAA's name

6   and address), or failed to provide comprehensible information on wage

7   statements issued to CLASS MEMBERS, including, but not limited to, any

8   claims under California Labor Code section 226 and/or 226.3 for penalties

9   or other relief, and/or engaged in unfair business practices as a result of such

10  failures with regard to CLASS MEMBERS, at any time on or before the

11  EFFECTIVE DATE.

12  9.      The Action is hereby dismissed with prejudice; provided, however, that,

13  without affecting the finality of this Settlement Order and Judgment, the Court hereby

14  retains exclusive and continuing jurisdiction over the Action, Plaintiff, all Settlement

15  Class Members, and Defendant for purposes of supervising, administering,

16  implementing, interpreting, and enforcing this Settlement Order and Judgment, as well as

17  the Settlement.

18

19  DATED: _October 14, 2009 ___                    _____

20                                                  Hon. Marilyn Hall Patel

21                                                  United States District Judge



IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER & J. OF FINAL APPROVAL OF SETTLEMENT DISMISSING ACTION